**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL CASE NO. 23-142-DLB-CJS**

**ESTATE OF DAVID POE**                                                        **PLAINTIFF**

**v.**                         **MEMORANDUM OPINION AND ORDER**

**FURQUAN MAJEED, ET AL.**                                     **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motion for Partial Dismissal. (Doc. # 6). Plaintiff having filed its Response (Doc. # 7), and Defendants having filed their Reply (Doc. # 8), the Motion is now ripe for review. For the following reasons, Defendants' Motion is **granted in part and denied in part.**

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns the circumstances surrounding the death of David Poe on September 28, 2022. (Doc. # 1-1 at 5). Poe worked for GXO Logistics in Florence, Kentucky. (*Id.* at 6). Plaintiff alleges that on September 28, 2022, Defendant Furquan Majeed was operating a semi-truck in the course of his employment with Defendant Horizon. (*Id.* at 7). On that date, Majeed backed the semi-truck into the loading dock at GXO Logistics. (*Id.* at 8). As he backed the semi-truck into the loading dock, Majeed hit, crushed, and killed Poe. (*Id.*).

On October 12, 2022, the Estate of David Poe was opened with the Kenton District Court. On October 17, 2023, the Estate of David Poe, through its administrator, Kyle Poe

1

("Plaintiff"), filed the instant action in Boone County Circuit Court. (*See* Doc. # 1-1 at 5). Plaintiff alleges the following claims: (1) ordinary negligence, gross negligence, and negligence *per se* against Defendant Furquan Majeed, (2) ordinary negligence, gross negligence, negligent hiring, training, supervising, and retention, negligence *per* se, and vicarious liability against Defendant Horizon Midwest, Inc., (3) wrongful death under K.R.S. § 411.130 against both Defendants, and (4) the subrogated interest of Sedgwick CMS, Inc. to the proceeds of the litigation. (*Id.* at 8-14). Plaintiff requests compensatory and punitive damages. (*Id.* at 15).

On October 17, 2023, Defendants filed a Notice of Removal with this Court. (Doc. # 1). Subsequently, Defendants filed a Motion for Partial Dismissal. (Doc. # 6). Defendants seek dismissal of Plaintiff's claims of negligence *per se*, negligent hiring, training, supervising, and retention, and punitive damages. (*Id.*).

II.   **ANALYSIS**

   A.   **Standard of Review**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's pleading must meet the plausibility standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to have "facial plausibility," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). This requires that the plaintiff plead sufficient factual matter to show it is entitled to relief under a viable legal theory. *See Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 773 (6th Cir. 2014). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied."

*Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012).  This Court accepts as true all factual allegations made by the Plaintiff in its Complaint and construes them in the light most favorable to Plaintiff as the non-moving party.  *See Left Fork Min. Co.,* 775 F.3d at 773.

    **B.**    **Discussion**

Defendants move for partial dismissal of Plaintiff's claims of negligence *per se*, negligent hiring, and punitive damages.  A federal court sitting in diversity, as it is here, applies the substantive law of the state in which it sits.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)).  Therefore, Kentucky substantive law applies here.  The Court will consider each of the claims in turn.

    **1.**    ***Negligence* per se**

Defendants argue Plaintiff has not pled sufficient facts to support a claim of negligence *per se*, and that the Complaint does not specify what statutes were violated. (Doc. # 6 at 5).  Plaintiff responds that "[t]he law of the Commonwealth of Kentucky is clear that '[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation.'"  (Doc. # 7 at 3) (citing KRS § 446.070).  Plaintiff goes on to argue that it "has put Defendants on notice that the present suit is grounded in violations of Kentucky Revised Statutes, specifically pertaining to the operation of semi-trucks."  (*Id.* at 4).  However, Plaintiff does not cite a specific statute that Defendant violated in its Complaint nor in its Response.

"KRS § 446.070 codifies the common-law doctrine of 'negligence *per se*' in Kentucky."  *Young v. Carran*, 289 S.W.3d 586, 588 (Ky. Ct. App. 2008).  Negligence *per*

*se* is "merely a negligence claim with a statutory standard of care substituted for the common law standard of care." *Id.* at 588-89 (quoting *Real Estate Marketing, Inc. v. Franz,* 885 S.W.2d 921, 926-27 (Ky.1994)). "KRS § 446.070 provides an avenue by which a damaged party may sue for a violation of a statutory standard of care if the statute in question provides no inclusive civil remedy and if the party is within the class of persons the statute is intended to protect." *Id.* at 589 (citing *Hargis v. Baize,* 168 S.W.3d 36, 40 (Ky.2005)). KRS § 446.070 does not on its own confer a right of action. *See Yeager v. Dickerson*, 391 S.W.3d 388, 394 (Ky. Ct. App. 2013).

Here, Plaintiff's claim for relief pursuant to negligence *per se* fails. Plaintiff asserts broadly in its Complaint that Defendant Majeed "failed to comply with Federal and/or State Laws governing the operation of the semi-truck, rendering him negligent *per se*." (Doc. # 1-1 at 9). The only statute Plaintiff points to Defendant violating is 49 CFR § 396.7. (*Id.*). 49 CFR § 396.7 is a federal regulation which states: "A motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle." § 396.7(a). KRS § 446.070 is inapplicable to this regulation because it is "limited to Kentucky statutes and does not extend to federal statutes and regulations or local ordinances." *Young*, 289 S.W.3d at 589 (citations omitted). Therefore, Plaintiff has not sufficiently pled negligence *per se* and the motion to dismiss this cause of action is **granted**.

    2.    ***Negligent hiring***

Defendants next argue that Plaintiff has not pled specific factual support as to how Defendant Horizon was negligent in its employment of Defendant Majeed. (Doc. # 6 at 7). In response, Plaintiff has withdrawn this claim and will amend the pleadings as needed

4

after further discovery is conducted. (Doc. # 7 at 4). Therefore, the motion to dismiss the cause of action of negligent hiring is **denied as moot**.

### 3. *Punitive damages*

Finally, Defendants argue that Plaintiff is not entitled to punitive damages against Defendant Majeed as a matter of law because it has not alleged facts rising to the level of gross negligence. (Doc. # 6 at 9). Plaintiff responds that the question of whether Defendants' conduct rises to the level of gross negligence is a factual determination, which is improper at this stage in the litigation. (Doc. # 7 at 5). Defendants also argue Plaintiff is not entitled to punitive damages against Defendant Horizon because it has not alleged sufficient facts showing Horizon ratified or otherwise authorized Majeed's conduct. (Doc. # 6 at 11-12). Plaintiff does not respond to this argument.

"Punitive damages may be awarded upon a finding that the plaintiff acted with gross negligence." *Gibson v. Fuel Transp., Inc.*, 410 S.W.3d 56, 59 (Ky. 2013) (citing *Phelps v. Louisville Water Co.,* 103 S.W.3d 46, 51-52 (Ky.2003)). Plaintiff must prove the negligence "was accompanied by wanton or reckless disregard for the lives, safety, or property of others." *Id.* (quoting *Horton v. Union Light, Heat & Power Co.,* 690 S.W.2d 382, 389-90 (Ky.1985)). This conduct must be proved by clear and convincing evidence. *Id.* (quoting KRS § 411.184(2)).

Defendants functionally seek dismissal of Plaintiff's claim of gross negligence. Defendants refer to "Plaintiff's Punitive Damages Claim" against Defendants (*see* Doc. # 6 at 9, 11), but "[a] cause of action and the type of relief requested are distinct elements of a pleading." *Clarke v. Amazon.com Servs. LLC*, No. CV 2:23-114-DCR, 2023 WL 7003220, at *5 (E.D. Ky. Oct. 24, 2023). "Rule 12(b)(6) is tailored to test the sufficiency

5

of the claims in a complaint, not the types of relief sought." *Id.* Here, Plaintiff does not sufficiently allege a claim of gross negligence for which punitive damages can be granted. *See Whalen v. Stryker Corp.*, 783 F. Supp. 2d 977, 983 (E.D. Ky. 2011).

Plaintiff asserts that "[t]he Kentucky Supreme Court has held that punitive damages are justified when there is a factual finding that the defendant failed to exercise reasonable care and then an additional finding that the negligence complained of was 'accompanied by wanton or reckless disregard for the lives, safety, or property of others.'" (Doc. # 7 at 5) (citing *Gibson v. Fuel Transp., Inc.*, 410 S.W.3d 56, 59 (Ky. 2013)). Plaintiff seems to cite *Gibson* in support of its argument that a finding of gross negligence is a "factual determination," inappropriate for the Court to make at this stage in the pleading. (*Id.*). However, this is a misstatement of the relevant law. Under the 12(b)(6) standard, Plaintiff must still allege sufficient facts in support of each cause of action. *See Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 773 (6th Cir. 2014). While the Court must accept the factual allegations of Plaintiff as true at this stage in the litigation, requiring that it plead sufficient facts to support a viable cause of action is not the same as making a "factual determination" as Plaintiff asserts.

Plaintiff only alleges facts supporting a claim of ordinary negligence. Gross negligence requires more. *See Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. Ct. App. 2004) (collecting cases). Plaintiff alleges Defendant Majeed was negligent because he:

> failed to exercise the requisite care in operating the semi-truck; failed to maintain proper control over the semi-truck as a person using ordinary care would have under same or similar circumstances; failed to keep a careful lookout and pay attention in order to avoid crashing; operated the semi-truck while inattentive; operated the semi-truck while distracted; and failed to operate the semi-truck in accordance with the law, ordinances, and regulations of Kentucky.

(Doc. # 1-1 at 9-10).  None of these alleged facts rise to the level of gross negligence because they do not show Majeed acted with a "wanton or reckless disregard" for safety. The facts alleged must be "so outrageous that malice can be implied from the facts of the situation." *Turner v. Werner Enterprises, Inc.,* 442 F. Supp. 2d 384, 385 (E.D. Ky. 2006). In support of a claim of gross negligence, Plaintiff only makes the conclusory statements that Defendants were grossly negligent or that they "acted with a wanton or reckless disregard for the lives, safety, or property of others" but does not allege additional facts. (*See* Doc. # 1-1 at 10, 12, 14).  Therefore, Plaintiff has not alleged a claim of gross negligence against Defendant Majeed that would entitle Plaintiff to punitive damages.

To recover punitive damages from Defendant Horizon, Plaintiff must allege sufficient facts showing Horizon "authorized, ratified, or anticipated" Majeed's impermissible conduct.  *Patterson v. Tommy Blair, Inc.,* 265 S.W.3d 241, 244 (Ky. Ct. App. 2007).  For example, to "'authorize' an act of gross negligence, the employer must pre-approve the employee's conduct." *Fazekas v. Mercy Ambulance of Evansville, Inc.*, No. 5:19-CV-096-JMH, 2019 WL 5653202, at *5 (E.D. Ky. Oct. 31, 2019) (internal citations omitted).  "Ratification" is then the "after the fact approval of the conduct." *Id.* Finally, the conduct may have been anticipated if "the employer was aware that the employee [or employees] had previously engaged in similar unacceptable behavior or when the employer condoned the wrongful action taken by the employee."  *See id.* Plaintiff does not allege any such facts and simply relies on its claims of negligent training and hiring in making the conclusory statement that this conduct "rises to the level of gross negligence."  (Doc. # 1-1 at 12).  Therefore, Plaintiff has not alleged a claim of gross

7

negligence against Defendant Horizon that would entitle Plaintiff to punitive damages. Defendants' motion to dismiss this claim is **granted**.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Motion for Partial Dismissal (Doc. # 6) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. Defendants' Motion to Dismiss Plaintiff's claims for negligence *per se* is **GRANTED** and these claims are **DISMISSED** against both Defendants.

    b. Defendants' Motion to Dismiss Plaintiff's claims of negligent hiring, training, supervising, and retention is **DENIED AS MOOT** as Plaintiff has voluntarily withdrawn this claim.

    c. Defendants' Motion to Dismiss Plaintiff's claims for gross negligence and claim to relief of punitive damages is **GRANTED** and these claims are **DISMISSED** against both Defendants.

(2) Defendants shall file their Answer to the Complaint on the remaining claims within **twenty-one (21) days** of the date of entry of this Order.

This 21st day of February, 2024.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\Cov2023\23-142 MTD MOO.docx